

*State of New Jersey*
OFFICE OF THE ATTORNEY GENERAL
DEPARTMENT OF LAW AND PUBLIC SAFETY
OFFICE OF THE SOLICITOR GENERAL
PO BOX 080
TRENTON, NJ 08625

PHILIP D. MURPHY
*Governor*

TAHESHA L. WAY
*Lt. Governor*

MATTHEW J. PLATKIN
*Attorney General*

JEREMY M. FEIGENBAUM
*Solicitor General*

March 24, 2025

Patricia S. Dodszuweit, Clerk of Court
U.S. Court of Appeals for the Third Circuit
21400 United States Courthouse
601 Market Street
Philadelphia, PA 19106-1790

> Re:   FRAP 28(j) Letter in Nos. 24-2415, 24-2450, and 24-2506,
>       *ANJRPC v. Attorney General* and consolidated cases.

Dear Ms. Dodszuweit:

The State advises this Court of *Duncan v. Bonta*, No. 23-55805, __ F.4th ___, 2025 WL 867583 (9th Cir. Mar. 20, 2025) (en banc), which rejects Second Amendment and takings challenges to an equivalent state restriction on large-capacity magazines (LCMs). The Ninth Circuit is now the fifth post-*Bruen* circuit to reject Plaintiffs' claims, with none holding to the contrary.

As for the Second Amendment, *Duncan* upheld the LCM restriction on two grounds. First, it identified a tradition "[b]eginning before the Founding and continuing throughout the Nation's history" of legislatures "enact[ing] laws to protect innocent persons from especially dangerous uses of weapons once those perils have become clear." *Id.* at *15-23. It invoked in particular restrictions on trap-guns, Bowie knives, slungshots, concealable pistols, and gunpowder-storage—the history New Jersey details here. *Compare id.*, *with* N.J. Opening Br. 46-51. And it held that a "more nuanced approach" was "appropriate" in reviewing this history because this dispute "implicates *both*



unprecedented societal concerns and dramatic technological changes," but emphasized the same result would be proper regardless given the strength of the unbroken history. 2025 WL 867583, at *13-15.

The court also rejected Plaintiffs' "simplistic approach" that because "many firearm owners own [LCMs]" that "should be the end of the analysis." *Compare id.* at *22-23, *with* ANJRPC Reply 5-22, *and* Cheeseman Reply 4-18. The court explained that this approach was "facile" and inconsistent with the animating Second Amendment principles and precedents. *See* 2025 WL 867583, at *22-23. And, the Ninth Circuit added, it conflicts with caselaw on machineguns—noting Plaintiffs "do not explain why, under their ownership-statistics theory, 176,000 [machineguns] is insufficient while the somewhat larger, but unknown, number of [LCMs] suffices." *Id.*

*Duncan* also rejected the Second Amendment claim because LCMs, as accoutrements, are not even "Arms," nor are they "necessary to operate any firearm." *Compare id.* at *7-10, *with* N.J. Opening Br. 41-44. And the takings challenge failed because *Bruen* "had no effect" on the court's prior takings cases, nor had "other intervening decisions" impacted it either. *Compare* 2025 WL 867583, at *6, *with* N.J. Opening Br. 58-61.

Respectfully yours,

MATTHEW J. PLATKIN
ATTORNEY GENERAL OF NEW JERSEY

By:    /s/ Jeremy Feigenbaum
       Jeremy Feigenbaum
       Solicitor General

Word Count: 345
cc: All counsel via ECF