

*State of New Jersey*
OFFICE OF THE ATTORNEY GENERAL
DEPARTMENT OF LAW AND PUBLIC SAFETY
OFFICE OF THE SOLICITOR GENERAL
PO BOX 080
TRENTON, NJ 08625

PHILIP D. MURPHY
*Governor*

TAHESHA L. WAY
*Lt. Governor*

MATTHEW J. PLATKIN
*Attorney General*

JEREMY M. FEIGENBAUM
*Solicitor General*

April 22, 2025

Patricia S. Dodszuweit, Clerk of Court
U.S. Court of Appeals for the Third Circuit
21400 United States Courthouse
601 Market Street
Philadelphia, PA 19106-1790

> Re:   FRAP 28(j) Letter in Nos. 24-2415, 24-2450, and 24-2506, *ANJRPC v. Attorney General* and consolidated cases.

Dear Ms. Dodszuweit:

The State advises this Court of *Capen v. Campbell*, No. 24-1061, __ F.4th ___, 2025 WL 1135269 (1st Cir. Apr. 17, 2025), which rejects a Second Amendment challenge to an equivalent state restriction on assault weapons and large-capacity magazines (LCMs).

Relying on its prior analysis in *Ocean State Tactical, LLC v. Rhode Island* ("*OST*"), 95 F.4th 38 (1st Cir. 2024)—which upheld an LCM restriction—the First Circuit "focus[ed]" on whether the assault-weapons restriction was consistent with historical principles. *See Capen*, 2025 WL 1135269, at *6. Just as with LCMs, assault weapons drive mass shootings: "unprecedented societal concerns" that call for "a more nuanced approach to historical analysis." *Id.* (quoting *OST*, 95 F.4th at 44). And just like LCM restrictions, assault-weapon restrictions do "not place a historically anomalous burden on self-defense" and "rest[] on the same justification as has underpinned a tradition of weapon regulation throughout American



history"—namely "protect[ing] the public from the danger caused by weapons that create a particular public safety threat." *Id.* at *7-9.

Once again, the court rejected Plaintiffs' "reliance on ownership statistics," as a weapon-restriction's constitutionality cannot "be determined based on [its] ownership rate … regardless of usefulness for self-defense." *Compare id.* at *7 (quoting *OST*, 95 F.4th at 51), *with* ANJRPC Reply 5-22, *and* Cheeseman Reply 4-18. Instead, as here, the record "affirmatively indicate[s] that the AR-15 and other banned rifles offer limited self-defense utility." *Compare Capen*, 2025 WL 1135269, at *7, *with* N.J. Opening Br. 15-26. And although the court "focus[ed]" its analysis on "the Colt AR-15 rifle" because the challengers did so "almost exclusively" below, it observed that Massachusetts' law "restrict[ed] only semiautomatic handguns that are either specifically enumerated or exhibit[ed] a combination of certain features," thus falling outside the Supreme Court's limited holding that "a ban on all handguns is unconstitutional." *Capen*, 2025 WL 1135269, at *6, *11-12 (citing *District of Columbia v. Heller*, 554 U.S. 570 (2008)).

*Capen* confirms that the district court should have upheld the AR-15 restriction, just as it did the LCM restriction. *See* JA 60-63, 70-75.

Respectfully yours,

MATTHEW J. PLATKIN
ATTORNEY GENERAL OF NEW JERSEY

By:   /s/ Jeremy Feigenbaum
       Jeremy Feigenbaum
       Solicitor General

Word Count: 341
cc: All counsel via ECF